# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **BROOKS WALLACE, ROBERT FARLEY, and MANUEL FUENTES,** | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>)<br>) |
| **v.** | )<br>) |
| **EXACTECH, INC.,** | )<br>) |
| **Defendant.** | ) |

Case No. **7:18-cv-01010-LSC**

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Defendant Exactech, Inc.'s Motion to Certify Controlling Question of Law Pursuant to 28 U.S.C. § 1292(b). (Doc. 190.) Defendant asks this Court to certify its Order denying summary judgment (doc. 185) for immediate interlocutory appeal. Specifically, Defendant requests certification as to whether liability under the False Claims Act for misbranding violations may be premised on the theory that Defendant violated its mandatory reporting obligations in violation of healthcare laws, rendering its Finned Tibia Tray misbranded. (Doc. 190 at 8.)

A district court may certify an order for interlocutory appeal under § 1292(b) when (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from

the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) requires that certification "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). The Eleventh Circuit has stated that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals," and that "[m]ost interlocutory orders do not meet this test." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008); *see McFarlin*, 381 F.3d at 1259 ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."). Certification under § 1292(b) is "wholly discretionary with both the district court" and the court of appeals. *OFS Fitel*, 549 F.3d at 1358.

At the outset, Relators argue that Defendant's Motion is untimely because it "waited some forty-four days after the Court's Memorandum of Opinion to file its Motion." (Doc. 193 at 6.) "In the context of requests for interlocutory appeals, timely requests for certification are calculated in days, not months." *Alabama Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-CV-03577-RDP, 2019 WL 13172407, at *5 (N.D. Ala. Mar. 18, 2019) (internal quotations omitted). Defendant not having justified its forty-four-day delay in requesting review, the Court agrees that its Motion is untimely. *See Fabricant v. Sears Roebuck & Co.*, No. 98-1281-CIV-NESBITT, 2001 WL 883303 (S.D. Fla. Jan. 29, 2001) (unjustified delay of forty-six

days rendered motion untimely); *Morton College Bd. of Trustees v. Town of Cicero*, 25 F. Supp. 2d 882, 883 (N.D. Ill. 1998) (thirty-day delay rendered motion untimely).

Defendant's Motion also fails to satisfy the requirements of § 1292(b). To establish a "substantial ground for difference of opinion," Defendant relies primarily upon a single district court opinion from within this circuit that "dismissed a qui tam suit alleging exactly the same misbranding theory" that Defendant now challenges. (Doc. 190 at 11 (citing *United States ex rel. Crocano v. Trividia Health Inc.*, 615 F. Supp. 3d 1296 (S.D. Fla. 2022)).) As Relators note, however, the *Trividia* opinion expressly distinguishes this case from the one before it. (*See* doc. 193 at 13–18.) Thus, the Court is not convinced that a sufficient "difference of opinion as to the issue exists within the controlling circuit" to constitute a "substantial ground for difference of opinion." *See Shepard for Est. of Strickland & Davis Int'l, Inc. v. Strickland & Davis Int'l, Inc.*, No. 4:02-CV-707-RDP, 2011 WL 13233476, at *2 (N.D. Ala. Jan. 3, 2011).

Finally, certification of the issue likely will not "serve to avoid a trial or otherwise substantially shorten litigation." *McFarlin*, 381 F.3d at 1259. Although the Court recognizes Defendant's concern that certification might provide some clarity and marginally reduce the time and resources needed for trial, that does not satisfy the standard for certification as explained in *McFarlin*. Moreover, the Court

is not persuaded that certification could "dispose of the entire action." (Doc. 190 at 29.) As Relators highlight in their response, resolution of the issue in Defendant's favor would still leave Relators with numerous triable issues and claims. (*See* doc. 193 at 21–22 (describing six other theories upon which their claims proceed).)

For the foregoing reasons, Defendant's Motion to Certify (doc. 190) is **DENIED**.

**DONE** and **ORDERED** on September 26, 2023.

_____
L. Scott Coogler
United States District Judge

215647